UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS H. RUDWALL

           Plaintiff,

  v.

BLACKROCK, INC.

           Defendant.

No. C 06-2992 MHP

**ORDER**
**Re: Defendant's Motion for Judgment on the Pleadings**

      Plaintiff Thomas H. Rudwall ("plaintiff") filed this action against defendant BlackRock, Inc. ("defendant") seeking damages for libel, intentional infliction of emotional distress, and negligent infliction of emotional distress. Now before the court is defendant's motion for judgment on the pleadings. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

      Plaintiff is an employee in defendant's liquidity investment funds ("money funds") division, selling investment products. Complt. ¶ 6. Plaintiff became an employee of defendant in 1997 when defendant acquired plaintiff's previous employer. Id. In December 2002, defendant terminated the written employment agreements of all Money Fund sales staff, re-classified them as employees-at-will, and altered the sales staff's compensation and commission structure. Id. ¶ 8. In June 2003, defendant requested that its employees sign a "Covenant Not to Solicit" containing a prohibition against employees soliciting business from defendant's clients for a period of one year following

1  termination of their employment. Id. ¶ 9. Plaintiff refused to sign the agreement, asserting that the
2  non-compete provision violated California law. Id.
3      Plaintiff alleges that, as a result of his refusal to sign the agreement, he was subject to
4  intimidation and reprisal by defendant, including false and defamatory statements in plaintiff's most
5  recent performance review. Id. ¶ 9. Plaintiff asserts that, from 1997 to 2002, he consistently
6  received favorable and laudatory performance evaluations. Id. ¶ 7.
7      Plaintiff claims that four specific statements in his July 2005 performance review are
8  libelous. The first concerns plaintiff's conduct in soliciting business from Boeing:

> Additionally, we are aware that in June, Tom traveled to Chicago, outside his territory, without clearance, to call on an account for which he is no longer responsible. (Boeing) There is no evidence that he coordinated or communicated with the lead Boeing relationship manager before or after his visit and as of the writing of this review, there are no notes or Avenue entries.

Id. ¶ 10 ("the Boeing statement"). Plaintiff claims that this statement is false and defamatory in that it accuses plaintiff of deceit and dishonesty and of violating defendant's rules and regulations. Id. ¶ 11. Plaintiff also claims that he notified defendant of his intent to travel to Chicago and meet with Boeing, that he was and currently is defendant's designated representative to Boeing, and that he was never required to coordinate this trip with any "relationship manager." Id. ¶ 12.

The second allegedly defamatory statement involves a March 11, 2005 conference call:

> On our March 11, 2005 conference call with Tom, he proudly mentioned that he "procured" two RFPs for BlackRock. When we asked him who the underlying clients were, he didn't know. His posture as having had any role in RFPs sent to BlackRock was thus a bit puzzling.

Id. ¶ 13 ("the conference call statement"). Plaintiff asserts that this statement is false and defamatory in that it states that plaintiff falsely claimed credit for procuring the RFPs. Plaintiff further claims that his inability to identify the underlying clients was due to the fact that he obtained the RFPs on a "blind-anonymous basis" which he explained during the conference call. Id. ¶ 14–15.

Plaintiff asserts that a third statement also accuses him of taking credit for work he had not done:

> Tom also highlighted his active participation in conversations with

2

>     Paccar, while in reality, Paccar contacted a colleague directly to begin
>     discussions in which Tom was later included.

Id. ¶ 16 ("the Paccar statement"). Plaintiff asserts that Paccar attempted to contact him directly but was unable to do so because of problems with defendant's voicemail system, and that Paccar contacted another employee only because of their inability to contact plaintiff. Id. ¶ 18.

Finally, plaintiff cites a passage in his performance review related to his assets:

>     The key measure of Tom's contribution is assets in his territory which
>     have declined dramatically over the last 18 months from $5.7 B at
>     12/31/03 to $4.3 B at 3/30/05 to $3.9 B at 6/30/05. This decrease in
>     assets is by far the largest in the group by both dollar and percent.
>     Other metrics such as new business totals and activity levels have
>     picked up this year, placing him in the middle of the pack.

Id. ¶ 19 ("the asset statement"). Plaintiff claims that this statement wrongfully implies that the decrease in assets was due to a failure on plaintiff's part. Id. ¶ 20. Plaintiff claims that, in presenting this information, defendant deliberately omitted approximately $640 million in sales by plaintiff, and failed to mention the overall economic conditions that were fostering a decline in Money Fund investments. Id. 21.

Plaintiff filed this action on May 3, 2006 asserting claims for libel, intentional infliction of emotional distress, and negligent infliction of emotional distress. Defendant now moves for judgment on the pleadings.

LEGAL STANDARD

Similar to a motion to dismiss for failure to state a claim, a motion for judgment on the pleadings addresses the sufficiency of a pleading. A motion to dismiss will be denied unless it appears that the plaintiff can prove no set of facts which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45–46 (1957); Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1435 (9th Cir. 1986), cert. denied, 479 U.S. 1064 (1987). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986) (citation omitted). Although the court is generally confined to consideration of the allegations in the pleadings, when the

3

1 complaint is accompanied by attached documents, such documents are deemed part of the complaint
2 and may be considered in evaluating the merits of a motion made pursuant to Federal Rule of Civil
3 Procedure 12(b)(6). Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir.) (citations
4 omitted), cert. denied sub. nom. Wyoming Cmty. Dev. Auth. v. Durning, 484 U.S. 944 (1987).
5 Where the facts and dates alleged in a complaint demonstrate that the complaint is barred by the
6 statute of limitations, the court should grant a motion to dismiss. See Jablon v. Dean Witter & Co.,
7 614 F.2d 677, 682 (9th Cir. 1980); see also United West Med. Ctr. v. Sup. Ct. 42 Cal. App. 4th 500,
8 505 (1996) (citation omitted).

9 Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is proper when the
10 moving party clearly establishes that on the face of the pleadings no material issue of fact remains to
11 be resolved and that it is entitled to judgment as a matter of law. See Hal Roach Studios, Inc. v.
12 Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989) (citation omitted). When testing the
13 sufficiency of pleadings on a motion for judgment on the pleadings, the court views the facts
14 presented in the light most favorable to the non-moving party, drafting all reasonable inferences in
15 that party's favor. See Gen. Conf. Corp. of Seventh Day Adventists v. Seventh-Day Adventist
16 Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989) (citation omitted), cert. denied, 493 U.S.
17 1079 (1990).

18

19 DISCUSSION
20 I.   Libel

21 Under California law, "[l]ibel is a false and unprivileged publication by writing . . . which
22 exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or
23 avoided, or which has a tendency to injure him in his occupation." CAL. CIV. CODE § 45. Defendant
24 raises two defenses to plaintiff's libel claim. First, defendant claims that the job evaluation was a
25 privileged communication. Second, defendant claims that each of the statements are opinions and
26 therefore cannot form the basis for a defamation claim.

27
28

4

A.   Privilege

Defendant asserts that plaintiff's performance evaluation is privileged under California Civil Code section 47(c). Section 47(c) states that a privileged communication is one made "[i]n a communication, without malice, to a person interested therein, (1) by one who is also interested . . ." CAL. CIV. CODE § 47(c). The statute explicitly applies to non-malicious communications concerning the job performance or qualifications of an applicant for employment made by a former employer to a prospective employer. Id. Plaintiff does not dispute that Section 47(c) also applies to communications within a company concerning the job performance of a current employer. Accordingly, the statements in plaintiff's July 2005 performance review are privileged unless plaintiff can demonstrate malice. Lundquist v. Ruesser, 7 Cal. 4th 1193, 1209–10 (1994) ("where the complaint discloses a qualified privilege, no malice is presumed and in order to state a cause of action the pleading must contain affirmative allegations of malice in fact").

The requisite malice to defeat a privilege under Section 47(c) is "established by a showing that the publication was motivated by hatred or ill will towards the plaintiff *or* by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication . . ." Noel v. River Hills Wilsons, Inc., 113 Cal. App. 4th 1363, 1370 (2003) (emphasis in original). Plaintiff must plead specific facts beyond conclusory allegations of malice. Kacludis v. GTE Sprint Commc'ns Corp., 806 F. Supp. 866, 872 (N.D. Cal. 1992) (Conti, J.); Robomatic, Inc. v. Vetco Offshore, 225 Cal. App. 3d 270, 276 (1990) ("A general allegation of malice will not suffice; plaintiff must allege detailed facts showing defendant's ill will towards him."). Malice cannot be inferred from the communication itself. CAL. CIV. CODE § 48.

Plaintiff's complaint contains two separate paragraphs setting forth conclusory allegations that defendant acted with malice. Complt. ¶¶ 22, 26. Because these paragraphs contain no specific factual allegations, however, they cannot overcome the qualified privilege of Section 47(c). Kacludis, 806 F. Supp. at 872.

In addition to these bare allegations, however, plaintiff identifies examples of verbal hostility on the part of his supervisor as evidence of ill will. According to a letter from plaintiff to

5

1 defendant's managing directors attached to the complaint, plaintiff's supervisor used "harsh tones
2 and sharp language" during a conference call following the dissemination of plaintiff's performance
3 review. Id., Exh. 2 at 1. Even assuming, as the court must for the purposes of this motion, that
4 plaintiff's characterization of his supervisor's tone of voice is accurate, the mere fact that an
5 employee's supervisor uses harsh language toward the employee hardly supports a finding of malice
6 sufficient to defeat the qualified privilege. Plaintiff has therefore failed to plead facts sufficient to
7 overcome the Section 47(c) privilege.

### B.   Non-Actionable Opinions

Under California law, a defamatory publication must contain a false statement of fact to be actionable. Jensen v. Hewlett-Packard Co., 14 Cal. App. 4th 958, 970 (1993) (quoting Gregory v. McDonnell Douglas Corp., 17 Cal. 3d 598, 600 (1976)). A statement of opinion cannot form the basis for a libel action. Id. In determining whether particular statements can give rise to a libel action, the dispositive question is "whether a reasonable fact finder could conclude that the published statements imply a provably false factual assertion." Id. Furthermore, "an employer's evaluation of [its] employee's performance contains an inherent degree of subjectivity, and courts should be extremely cautious before allowing such comments to become the basis of a libel action." Campanelli v. Regents of the Univ. of Cal., 44 Cal. App. 4th 572, 581 (1996). Defendant asserts that the July 2005 performance evaluation consisted entirely of opinions, and is therefore immune from defamation liability.

Plaintiff claims that the four passages cited in the complaint contain disprovable factual assertions that may properly form the basis for libel. With the exception of the asset statement, the allegedly defamatory passages are principally subjective statements that are best characterized as opinions. The statements simply convey the company's impression that plaintiff exaggerated his roles with respect to certain accounts and did not strictly comply with the company's policies regarding travel. In addition, while the asset statement contains specific dollar amounts subject to dispute, plaintiff's complaint does not clearly set forth a disagreement with the numbers presented,

6

but rather asserts that the inclusion of additional information in the performance review would have re-characterized the asset statement to favor plaintiff.

Even if the performance review statements contain factual assertions, however, the court finds that the assertions do not rise to the level of defamation given California's special treatment of employee evaluations. As the Court of Appeal has stated,

> unless an employer's performance evaluation falsely accuses an employee of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior [citation], it cannot support a cause of action for libel. This is true even when the employer's perceptions about an employee's efforts, attitude, performance, potential or worth to the enterprise are objectively wrong and cannot be supported by reference to concrete, provable facts.

Jensen, 14 Cal. App. 4th at 965. California law makes it clear that, except in egregious circumstances not present here, the courts are not the proper venue for an employee to challenge his employment evaluation. See id. at 963 (expressing "strong judicial disfavor for libel suits based on communications in employment performance reviews"). "The law of employment contracts would . . . be turned on its head if management had to justify to the employee's satisfaction each evaluative comment deemed unfair by the employee." Id. at 974 n.17. Following the receipt of his performance review, plaintiff submitted to BlackRock's managing directors a lengthy, detailed letter expressing his numerous disagreements with the company's evaluation of him. Complt., Exh. 2. The courts can offer no further recourse.

Because plaintiff has both failed to overcome the Section 47(c) privilege and failed to identify statements actionable as libelous, defendant is entitled to judgment on plaintiff's libel claim.

II.     Emotional Distress

In addition to libel, plaintiff has brought claims for intentional infliction of emotional distress and negligent infliction of emotional distress. California does not recognize negligent infliction of emotional distress as an independent tort, but rather as the tort of negligence itself. Burgess v. Super. Ct., 2 Cal. 4th 1064, 1072 (1992). As plaintiff's complaint does not allege the elements of a negligence cause of action, defendant is entitled to judgment on plaintiff's claim for negligent

1  infliction of emotional distress.

2      Regarding plaintiff's claim for intentional infliction of emotional distress, defendant argues
3  that this claim should be dismissed for two reasons. First, under California law, emotional distress
4  claims which merely incorporate the allegations of a defamation claim without adding new
5  allegations are superfluous. Couch v. San Juan Unified Sch. Dist., 33 Cal. App. 4th 1491, 1504
6  (2005). Second, emotional distress claims arising within the course of a normal employment
7  relationship are governed exclusively by California's workers' compensation laws. Livitsanos v.
8  Superior Court, 2 Cal. 4th 744, 747 (1992).

10      A.    Superfluity

11      Under California law, "[w]hen claims for . . . emotional distress are based on the same
12  factual allegations as those of a simultaneous libel claim, they are superfluous and must be
13  dismissed." Couch, 33 Cal. App. 4th at 1504. In Couch, the Court of Appeal sustained the trial
14  court's demurrer to plaintiff's emotional distress cause of action where plaintiff's emotional distress
15  claim "incorporated all the factual allegations of his libel claim and added no further allegations."
16  Id. Defendant therefore asserts that plaintiff's emotional distress claim is duplicative of his
17  defamation claim.

18      In response, plaintiff asserts that his complaint adds sufficient allegations to make out an
19  additional cause of action for intentional infliction of emotional distress. A review of the relevant
20  portion of plaintiff's complaint, however, reveals that plaintiff has done nothing more than recite the
21  *elements* of this cause of action without adding any new *factual* allegations differentiating it from his
22  libel claim. Complt. ¶ 28 ("The actions and statements of defendants and each of them described
23  above were and are outrageous, intentional and malicious and done with reckless disregard of the
24  fact that defendants would cause plaintiff to suffer severe emotional distress."). Accordingly, the
25  factual basis for the libel claim is the same as that for the emotional distress claim, and defendant is
26  entitled to judgment on the latter claim.

B. <u>Workers' Compensation Exclusivity</u>

In addition to the improper pleading of plaintiff's emotional distress claim, defendant asserts that this cause of action must be dismissed because emotional injuries in the workplace are governed exclusively by California's workers' compensation laws. <u>Livitsanos</u>, 2 Cal. 4th at 747. Plaintiff acknowledges that this rule applies, but claims that the court cannot decide the issue at this stage because defendant has not established that the alleged infliction of emotional distress occurred as a normal part of the employment relationship. <u>See id.</u> at 756. In advancing this argument and attempting to place the burden on defendant, plaintiff ignores the fact that nothing in his complaint suggests that the alleged misconduct occurred outside the scope of the normal employment relationship. Accordingly, plaintiff has made no showing to overcome the exclusivity of California's workers' compensation regime over his claims for emotional distress, and these claims are subject to judgment for defendant independently on this basis.

<u>CONCLUSION</u>

For the reasons set forth above, defendant's motion for judgment on the pleadings is GRANTED.

Dated: 11/28/06

_____
MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

**ENDNOTES**